UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

KEITH BULLUCK,

Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC,

Defendant.

Case No.    **26-353**

JURY TRIAL DEMANDED

**COMPLAINT JURY TRIAL DEMANDED**

## I.    INTRODUCTION

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., for Defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of information in Plaintiff's consumer report and for its failure to conduct a reasonable reinvestigation after Plaintiff disputed inaccurate information.

## II.    JURISDISCTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred here.

## III.    PARTIES

4. Plaintiff Keith Bulluck is an individual residing at 704 Sandburg Pl, Newark, Delaware 19702, with email address bulluckkeith@ymail.com.

5. Defendant Experian Information Solutions, Inc. is a consumer reporting agency that regularly assembles, evaluates, and furnishes consumer reports for compensation.

## IV.    FACTUAL ALLEGATIONS

6. Plaintiff On March 2, 2026, Plaintiff conducted a routine check of his consumer report on Experian.com.

7. Plaintiff conducted this check because he intends to purchase a home.

8. Plaintiff also intends to purchase a car.

9. Plaintiff's credit report needs to be in pristine order for these intended purchases.

10. During the March 2, 2026 review, Plaintiff noticed a few issues with accounts on his

2

consumer report.

11. The following accounts have clear inaccuracies.

12. The first inaccurate account is a MOHELA account with account number 20133860401E00220211025240227.

13. Defendant reported the date of first delinquency ("DOFD") on this MOHELA account as March of 2025.

14. The actual DOFD on this MOHELA account is February of 2025.

15. The reported March 2025 DOFD re-aged the account.

16. The second inaccurate account is a second MOHELA account with account number 20133860401E00120211025240227.

17. Defendant reported the DOFD on this second MOHELA account as March of 2025.

18. The actual DOFD on this second MOHELA account is February of 2025.

19. The reported March 2025 DOFD re-aged this second MOHELA account as well.

20. The third inaccurate account is a SELF FINANCIAL/LEAD BA account with account number CBA00000000016279736.

21. Defendant reported this SELF FINANCIAL/LEAD BA account as negative/charge-off.

22. Defendant reported no data at all for the SELF FINANCIAL/LEAD BA account.

23. The absence of any data while reporting a negative/charge-off status left Plaintiff with no opportunity to investigate whether the reporting was accurate.

24. The fourth inaccurate account is a CAPITAL GOOD FUND account with account number LAI00013827.

25. Defendant reported this CAPITAL GOOD FUND account as negative/charge-off.

26. Defendant reported no data at all for the CAPITAL GOOD FUND account.

27. The absence of any data while reporting a negative/charge-off status left Plaintiff with no

3

opportunity to investigate whether the reporting was accurate.

28. Immediately after discovering the inaccuracies on March 2, 2026, Plaintiff disputed these four accounts with Defendant.

29. Plaintiff sent the dispute to Defendant via certified mail.

30. The certified mail number for Plaintiff's dispute letter is 92071902358909000037881508.

31. Shortly after receiving Plaintiff's dispute, Defendant returned all four accounts as verified.

32. Defendant provided no details on how it reached the verification conclusion.

33. Defendant did not identify who, if anyone, it spoke with during any investigation.

34. Defendant did not describe any steps taken to reinvestigate the disputed items.

35. Shortly after receiving the verified response, Plaintiff sent Defendant a formal demand letter.

36. Plaintiff sent the demand letter via certified mail.

37. The certified mail number for Plaintiff's demand letter is 92071902358909000038426173.

38. Defendant did not respond to Plaintiff's demand letter.

39. Defendant did not provide any method of verification or investigation in response to the demand letter.

40. Plaintiff has made multiple attempts to rectify this matter amicably with Defendant.

41. Despite Plaintiff's multiple amicable attempts, Defendant has continued to report the inaccurate information described above.

4

## V.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION Violation of 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

42. Plaintiff realleges and incorporates paragraphs 1 through 41 as though fully set forth herein.

43. The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

44. Defendant prepared consumer reports containing Plaintiff's information.

45. Defendant reported the two MOHELA accounts with an inaccurate DOFD of March 2025 instead of the actual February 2025 DOFD, thereby re-aging the accounts.

46. Defendant reported the SELF FINANCIAL/LEAD BA and CAPITAL GOOD FUND accounts as negative/charge-off while reporting no underlying data whatsoever.

47. Defendant's reporting of these inaccuracies demonstrates that it failed to follow reasonable procedures to assure maximum possible accuracy.

**FIRST CAUSE OF ACTION Violation of 15 U.S.C. § 1681e(b) – Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

48. Plaintiff realleges and incorporates paragraphs 1 through 41 as though fully set forth herein.

49. After receiving Plaintiff's dispute on or about March 2, 2026, Defendant was required under 15 U.S.C. § 1681i(a) to conduct a reasonable reinvestigation, to review and consider all

5

relevant information provided by Plaintiff, and to delete or modify any information that could not be verified.

50. Defendant responded only that the accounts were "verified" and provided no details, no identification of any person spoken with, and no description of any investigative steps.

51. Defendant's response demonstrates that it conducted no independent reinvestigation and instead relied solely on electronic means and the furnisher's response.

52. Defendant's failure to conduct a reasonable reinvestigation after receiving Plaintiff's certified-mail dispute and follow-up demand letter violated 15 U.S.C. § 1681i(a).

## VI.    DAMAGES

53. Defendant's violations were willful within the meaning of 15 U.S.C. § 1681n.

54. As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual damages, including severe emotional distress, financial anguish, and credit loss that has impaired his ability to purchase a home and a car on favorable terms.

55. Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, and fees under 15 U.S.C. §§ 1681n and 1681o.

## VII.  PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff respectfully requests that the Court:

  a.  Actual Enter judgment in favor of Plaintiff and against Defendant;

  b. Award actual damages in an amount to be proven at trial;

  c. Award punitive damages for Defendant's willful violations;

  d. Award costs and expenses of this action; and

  e. Grant such other and further relief as the Court deems just and proper.

## VIII.  DEMAND FOR JURY TRIAL

57.  Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Keith Bulluck

Keith Bulluck,

704 Sandburg Pl

Newark, DE 19702

Pro Se Plaintiff

bulluckkeith@ymail.com

Dated: March 28, 2026